**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATALIA DUDINA,<br><br>        Petitioner,<br><br> v.<br><br>CHRISTOPHER J. LAROSE, *et al.*,<br><br>       Respondents. | Case No. 26-cv-01725-BAS-DEB<br><br>**ORDER:**<br><br> **(1) GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1); AND**<br><br> **(2) DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 2)** |

Petitioner Natalia Dudina filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming she was improperly re-detained after she was released on parole. (ECF No. 1.) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released on the same terms and conditions as she was previously released.

- 1 -

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since she is seeking release from custody, she has standing to pursue this Petition.

## II. STATEMENT OF FACTS

Petitioner, a citizen of Russia, applied for entry into the United States in December of either 2022 or 2021.[1] (ECF No. 1 ¶¶ 12–13.) The Department of Homeland Security ("DHS"), apparently finding she posed neither a danger to the community nor a risk of flight, released Petitioner on parole. (*Id.* ¶ 14.) On January 17, 2026, DHS re-detained Petitioner without notice or an opportunity to be heard and without any changed circumstances with respect to her flight risk or danger to the community. (*Id.* ¶¶ 22–23.) Petitioner seeks immediate release or a bond hearing.

## III. ANALYSIS

Although the Government seems to agree that Petitioner is entitled to a bond hearing, it bases its concession on its belief that Petitioner was not detained at the border and, thus, pursuant to this Court's previous rulings, is entitled to a bond hearing under 8 U.S.C. § 1226(a). (ECF No. 6.) However, this Court's previous rulings applied only to individuals who entered without inspection and were not apprehended upon arrival. *See*, *e.g.*, *Gregorio v. LaRose*, No. 25-cv-3322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Martinez Zayas v. Gordon*, No. 26-cv-237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2,

---

[1] In paragraph 12, Petitioner alleges she entered the United States on December 11, 2022. In paragraph 13, she alleges she applied for entry to the United States on December 13, 2021.

2026); *Trujillo v. Noem*, No. 26-cv-268-BAS-VET, 2026 WL 266496 (S.D. Cal. Feb. 2, 2026).

Nonetheless, this Court finds Petitioner's re-detention without notice or an opportunity to be heard and without noticeably changed circumstances violates Petitioner's due process rights.

Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because DHS previously released Petitioner, finding she was not a flight risk or a danger to the community, and because there is no evidence those circumstances have changed, Petitioner is entitled to remain released on the same conditions as she was initially released. If DHS believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner with an opportunity to be heard promptly before an Immigration Judge. Hence, the Court **GRANTS** the Petition.

26cv1725

## IV.   CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** that Natalia Dudina (A#220-835-804) be released forthwith on the same terms and conditions as she was ordered released on parole upon her first application for entry into the United States.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: April 1, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 4 -

26cv1725