**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATALIA DUDINA,<br>Petitioner,<br>v.<br>CHRISTOPHER J. LAROSE, *et al.*,<br>Respondents. | Case No. 26-cv-01725-BAS-DEB<br><br>**ORDER GRANTING IN PART MOTION TO CLARIFY JUDGMENT (ECF No. 10)** |

On April 1, 2026, this Court granted Petitioner Natalia Dudina's habeas Petition and ordered Petitioner released on "the same terms and conditions as she was ordered released on parole upon her first application for entry into the United States." (ECF No. 6.)

On September 15, 2026, Petitioner reported to Immigration and Customs Enforcement ("ICE") in Los Angeles whereupon an officer ordered her to enroll in ISAP and install a tracking application. (ECF No. 10-4, ¶ 3.) ISAP or electronic monitoring was not part of Petitioner's original conditions of release. (*Id.* ¶ 2.) Petitioner showed the officer the Court's previous habeas order, and the officer allowed her to remain on release without ISAP or electronic monitoring. (*Id.* ¶ 5.) She was ordered to report back to ICE in December, but three days later, an ISAP employee called Petitioner and told her she was required to attend an appointment on September 21. (*Id.* ¶ 8.) Petitioner brings this Motion

to Enforce or Clarify the Judgment asking that the Court make it clear that she should not be required to participate in ISAP or electronic tracking. (ECF No. 10.)

The Government responds that it has followed the Court's orders, Petitioner has not been required to submit to ISAP or electronic tracking, and Petitioner has failed to exhaust her administrative remedies. (ECF No. 13.)

Because there appears to be some question as to whether the Court's original order prohibits ICE from enrolling Petitioner in ISAP or requiring electronic monitoring, the Court **GRANTS IN PART** the Motion to the extent it requests clarification of the original Judgment. (ECF No. 10.) Hence, the Court **ORDERS** as follows:

> The Court previously ordered that Petitioner Natalia Dudina (A#220-835-804) be released on the same terms and conditions as she was originally released on parole. Since Petitioner's original conditions did not include enrollment in ISAP or electronic tracking of any kind, the Government is prohibited from requiring such tracking as a condition of Petitioner's release, unless and until she is given notice as to a change in circumstances and an opportunity to be heard about this change in circumstances. ICE may not re-detain Petitioner without notice and an opportunity to be heard.

**IT IS SO ORDERED.**

**DATED: October 16, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**